UNITED STATES of America, for the Use and Benefit of AMERICAN SHEET METAL CORPORATION, and American Sheet Metal Corporation, Plaintiffs,

v.

The TRAVELERS INSURANCE COMPANY, and Manoj K. Shah, Inc., Defendants.

No. C.A.2:02CV624.

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 27, 2002.

Glen W. Thompson, Pender & Coward, Virginia Beach, VA, for Plaintiffs.

Johnny C. Cope, Cope, Olson & Yoffy, PLC, Newport News, VA, for Defendants.

## OPINION AND ORDER

SMITH, District Judge.

This matter is before the court on the motion of defendants The Travelers Insurance Company ("Travelers") and Manoj K. Shah, Inc. ("Shah") to stay the current action pending arbitration, in accordance with the written agreement of the parties. Plaintiffs oppose the motion.

## I. Background

This case arises under the Miller Act, 40 U.S.C. § 270a *et seq.*, which requires that in any construction contract with the United States government, the contractor must provide a payment and a performance bond to the United States. It also allows a subcontractor to sue against the payment bond for nonpayment of services performed on a public works project.

Defendant Shah contracted with the United States government to replace the roof of Building 171 at the Norfolk Naval Shipyard in Portsmouth, Virginia. In compliance with the Miller Act, defendant Travelers' predecessor in interest, Reliance Insurance Company, issued a payment bond guaranteeing the payment of all claims for labor and materials on the project. In May of 1999, Shah entered into a written subcontract with plaintiff American Sheet Metal Corporation ("American"), in which American agreed to provide labor and materials for the project. The price of the subcontract was $2,307,820.00. According to the complaint, American supplied Shah with materials and labor from time to time. Although American received periodic payments, Shah left a balance of $180,545.00, which is still due and unpaid. American claims it made a demand on Shah for payment but has not received the balance. On August 8, 2002, the United States brought suit on behalf of American, pursuant to the Miller Act, to recover the money still allegedly owed to American under the subcontract. Defendants answered the complaint and also filed a counterclaim, asking for liquidated damages in the amount of $480,000 to compensate Shah for damages incurred because of American's substantial delay in completion of work. In addition, defendants filed the present motion, seeking to stay all proceedings and to direct the parties to arbitrate. Plaintiffs filed an opposition to the motion to stay.

## II. Discussion

Defendants move to stay this action, relying on the arbitration clause in the subcontract between Shah and American.[1] According to the Federal Arbitration Act, a party to a written arbitration agreement, contained in a contract involving interstate commerce, may petition the court for a stay of a suit, which the court shall grant if "the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3. Plaintiffs argue that arbitration is inappropriate in this situation because the subcontract excludes claims brought under the Miller Act. The question before the court, then, is not whether Miller Act claims are generally arbitrable, but rather whether subsequent language in the subcontract negates the stated intent of the parties to subject their claims to arbitration.[2]

---

**1.** The parties do not dispute the validity of the arbitration provision, only its scope.

**2.** The court notes, however, that the Miller Act claim would be arbitrable if the parties had not agreed to section 6.5 in the subcontract or if American had expressly waived its right to sue under the Miller Act. *See Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1324 (11th Cir.2001) (holding that Miller Act does not preclude arbitration under FAA when parties previously agreed to arbitrate disputes); *United States ex rel. Capolino Sons, Inc. v. Electronic &*

*Missile Facilities, Inc.*, 364 F.2d 705, 707–08 (2d Cir.1966) (requiring subcontractor to arbitrate Miller Act claim pursuant to a subcontract containing arbitration provision); *Agostini Bros. Bldg. Corp. v. United States ex rel. Virginia–Carolina Elec. Works*, 142 F.2d 854, 855 (4th Cir.1944) (noting that 9 U.S.C. § 3 applies to claims brought under the Miller Act); *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (holding that statutory claims may be the subject of enforceable arbitration agreement).

In the present case, the subcontract between Shah and American contains the language of the Standard Form of Agreement Between Contractor and Subcontractor, 1987 Edition, of the American Institute of Architects ("AIA"). It states in relevant part:

6.1 Any controversy or claim between the Contractor and the Subcontractor arising out of or related to this Subcontract, or the breach thereof, shall be settled by arbitration, which shall be conducted in the same manner and under the same procedure as provided in the Prime Contract with respect to claims between the Owner and the Contractor .... If the Prime Contract does not provide for arbitration, or fails to specify the manner and procedure for arbitration, it shall be conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise.

\* \* \* \* \* \*

6.5 This Article 6 shall not be deemed a limitation of rights or remedies which the Subcontractor may have under Federal law, under state mechanics' lien laws, or under applicable labor or material payment bonds *unless such rights or remedies are expressly waived by the Subcontractor.*

(Subcontract, Article 6, attached to Def. Mot. to Stay, Ex. A) (emphasis added).

Plaintiffs contend, despite the broad language in section 6.1 quoted above, they are not bound to arbitrate the dispute because section 6.5 specifically excludes from coverage, *inter alia,* rights or remedies arising under federal law. Because the Miller Act is federal legislation, giving plaintiffs rights and remedies under federal law, and because American as the subcontractor has not expressly waived its right to Miller

Act claims, plaintiffs argue that their Miller Act claim is outside the scope of arbitration in section 6.1 and is governed by section 6.5. This court agrees.

By consenting to section 6.5, the parties specifically excluded from arbitration any claim under the Miller Act, unless expressly waived by American. *See United States ex rel. Tanner v. Daco Const.,* 38 F.Supp.2d 1299, 1300–01 (N.D.Okla.1999) (holding that identical contract provision specifically excluded Miller Act claims from general arbitration provision). The Miller Act provides American the right to sue in federal court on the payment bond for amounts owed to it by the contractor under the terms of the subcontract. Given the unambiguous language of the subcontract, and the fact that American has not expressly waived its right to proceed in federal court, this court finds that the arbitration clause is unenforceable because the parties are not compelled to arbitrate the Miller Act claim.

## III. Conclusion

For the above stated reasons, Defendants' Motion to Stay is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for the parties.

**IT IS SO ORDERED.**